Nash. C. J.
 

 There is such a conflict in¡ the testimony relative to the-circumstances attending the-trial before the magistrate, that we have been in. some doubt as to the judgment to be rendered. The petitioner swears that he did attend at the place,, and at the time, to which he was summoned — at 12 o’clock of that day, when, he was informed that the trial was over and, judgment rendered against him, and that the magistrate, had gone away; that he consulted some persons present what course to pursue, when he was told, not being at the trial to obtain an appeal he must procure a new trial. This he did' not attempt to do, for he was further told, the magistrate, who gave the judgment, was the brother of the plaintiff, and would not grant him one. The justice and the officer both swear that the judgment was not given till three o’clock, and that delay was occasioned by the non-attendance of the petitioner. The note is for sixty dollars and seventy-five cents.- The petitioner swears that he paid to Caswell Gardner, on the note, the sum of sixty dollars, on the 12th of September, 1848 ; that the note not being present, he took from Gardner a receipt for the amount, neither of them remembering the exact amount. Upon these affidavits, consid
 
 *82
 
 ered alone, we should refuse the application. But there were other circumstances attending the case, which lead us to think there was foul play. The plaintiff in the judgment, knew that the defendant claimed a credit on the note of sixty dollars, evidenced by a receipt, leaving but a small sum due. He treated with the defendant upon the basis of that receipt. He was the purchaser of the note from the son of Caswell Gardner, to whom it was payable, at the price of twenty-five dollars, and agreed to allow the payment if not too large ; yet, the judgment is taken, without reference to the payment, for the full amount of the note. Again, the receipt given by Caswell Gardner to the petitioner, for sixty dollars, is proved by Riley Causey, to be in the hand-writing of Gardner. The petitioner alleges he paid the money on the note on the 12th of September, 1848, and heard no more of it until presented for payment by the son of Caswell Gardner, who was then dead, and had been for some time. The note bears date 28th of March, 1848. Now, it may be asked, why did not Caswell Gardner, in his life-time, endeavor to collect the note? "Why did not his administrator, Brady, do so ? Erom September, 1848, the date of the receipt, to July, 1855, near seven years, the note is permitted to lie dormant. These things are mentioned not as proving the existence of the receipt, but as circumstances to prove that the trial before the magistrate Street was not obtained in good faith, but in fraud of the rights, of the petitioner. Another strong circumstance showing the fraud is, that the magistrate, who gave the judgment, was the brother of the plaintiff. The law forbids any one to try his own eause, and justice, propriety and delicacy, forbid a Judge to sit in judgment in a matter affecting the interest of a near relative. I am proud to say, it is the first instance of the kind within nay knowledge in North Carolina. But again, the conduct of this magistrate, after rendering the judgment, was such as t© excite strong suspicion, that he did not intend that the defendant should get either an appeal or a new trial. When the defendant got to the place of trial, he found judgment given against him, .and that the magistrate had gone off
 
 *83
 
 with all tbe papers. A party complaining of a magistrate’s judgment must pray his appeal at' the time of the trial, but surely the law does not require it to be done
 
 instcmter.
 
 He has the whole day within which he may appeal, or surely a reasonable time to make up his mind whether he will appeal or not. But the defendant might have applied to another magistrate for a new trial if Street had not taken the papers with him. In cases allowing an appeal, the party complaining and suing for a reeordari, must show that he was prevented from appealing by fraud, accident or mistake.
 

 In the language of his Honor, “ the excuse of the^petitioner for not producing his receipt before the magistrate, and appealing in case it aves not allowed, is not explicit or entirely satisfactory; but the merits in respect to the payment alleged, seem to be so decidedly in his favor, that I have thought it right to give him an opportunity to establish it before a tribunal connected with neither party.” Eor the reason so assigned by his Honor, and upon the well-grounded suspicion of fraud on the trial, we think with his Plonor, that the petitioner is entitled tó his reeordari, and that the case should be placed on the trial docket as he swears to its merits. This opinion Avill be certified.
 

 The judgment below is affirmed.
 

 Pek Oubiam. Judgment affirmed.